UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58 et.al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No: 4:25-CV-00357 ) |
| KRAMER DRYWALL, LLC, and COURTNEY RHAE KRAMER, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment against Defendants Kramer Drywall, LLC and Courtney Kramer. Plaintiffs filed this action on March 20, 2025, under the Employee Retirement Security Act, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. The complaint alleges that Defendants have failed to make timely payments with accounting and fully pay several employee benefit funds and contributions due under the collective bargaining agreement between the Defendant Kramer Drywall, LLC and its employees' union. Defendant Courtney Kramer owns the defendant company and executed a personal guaranty of payment pursuant to the agreement. (Doc. 16-7). Plaintiffs are the union and the trustees, sponsors, and/or fiduciaries of the various funds.

The Clerk of the Court entered an order of default against the Defendants on May 19, 2025. (Doc. 11). Plaintiffs subsequently filed the instant motion seeking a partial judgment and order for accounting under the parties' trust documents and collective bargaining agreement. (Doc. 15). Plaintiffs seek a total of $18,922.72, consisting of liquidated damages and interest from January to May 2025 plus attorney fees and court costs. Plaintiffs also seek an order directing Defendants to

submit to an examination of their records to verify amounts owed and either paid or outstanding from January 2025 to the present.

Once the Clerk enters default, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Those allegations are taken as true, except as to the amount of damages. *Iron Workers St. Louis Dist. Council Pension Tr. Fund v. Elite Rebar, LLC*, No. 4:21-CV-00721-AGF, 2022 WL 17261879, at *2 (E.D. Mo. Nov. 28, 2022). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment. *Id*. An audit constitutes an appropriate element of relief in an ERISA case where the amount of the delinquency is not known. *Mid-Am. Carpenters Reg'l Council v. St. Louis Union Installations*, *LLC*, No. 4:23-CV-00779-SRC, 2023 WL 5831908, at *2 (E.D. Mo. Sept. 8, 2023).

In support of their motion, Plaintiffs submit the affidavits of Joseph Mueller, Rachel Allen, and Daniel Sparks.  Mr. Mueller is a trustee of the Plaintiff funds. He described the key provisions of the relevant agreements between Defendants and the Plaintiff union, which Plaintiffs attach as exhibits to the motion. (Doc. 16-9 and Ex. 1-7).  Ms. Allen is a plan manager and contributions specialist for the Plaintiff trusts. She reviewed contribution reports and calculated amounts still owed as at May 29, 2025. (Doc. 16-10 and Ex. 8). Her calculations yielded the following amounts owed, with interest added at seven percent (7%) pursuant to 26 U.S.C. § 6621(a)(2).[1]

1. $2,615.39 in liquidated damages and $915.39 in interest for the period of work weeks ending January 5 through March 2, 2025.

2. $4,476.27 in liquidated damages and $1,566.70 in interest for the period of work weeks ending March 27 through May 29, 2025.

---

[1]     26 U.S.C. § 6621(a)(2) sets the underpayment interest rate at the federal short-term interest rate each quarter plus three percent.

3. $4,315.71 in unpaid delinquent contributions and deductions, $863.14 in liquidated damages, and $302.10 in interest for the period of work weeks ending May 11 and May 17, 2025.

Mr. Sparks is Plaintiffs' counsel in this matter. He summarized his firm's services and submitted corresponding fees of $3,103.98 and costs of $764.04 to date. (Doc. 11).

Upon review of the record, the Court finds sufficient evidence supporting Plaintiffs' motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for partial default judgment and accounting is **GRANTED**. (Doc. 15). Plaintiffs are awarded delinquent contributions, liquidated damages, interest, and attorney fees and costs against Defendants, jointly and severally, in the amount of **$18,922.72**.

**IT IS FURTHER ORDERED** that, within ten (10) days of this Order, Defendants shall submit to a financial examination for the period from the work week ending January 5, 2025, to the present. Defendants shall submit required reports accurately and promptly when due going forward.

Dated June 30, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE